I've submitted a supplemental case citation, which is a district court case in this circuit. It's a two-page, I've furnished a copy to you all. The important thing here is it addresses the most important issue as identified by the defendant in this case in the defendant's brief. The last page, page 25, states that, well, let me look at it and I can give you the exact language. In summary, the only issue properly before this court is whether the district court abused its discretion by denying Clayman's post-judgment motion to reopen his case after it had been dismissed. That's the most important issue. Fortunately, I was able to research and find this case. And it stands for the rule that the doctrine of equitable tolling, which would relieve a plaintiff of the 60-day limitation for seeking relief in the district court as provided by section 405G, which relates to the 60-day requirement, is more of a statute of limitations rather than a jurisdictional bar. That's at the bottom of the first page, and if you look at the top of the second page, this may be waived by the secretary. In addition, the Carroll Court cited a second case called Turner v. Bowen for the ruling that the government's conduct in that case was misleading and should result in the claimant having the benefit of equitable tolling. In the present case, the district court judge issued an order and a judgment without prejudice. And the dictionary definition of that kind of an order is that without prejudice means that it's not on the merits and it's... How could it not be on the merits? Your case has been dismissed. It is without prejudice, which means that you may refile if you wish. Yes, but... Are you telling us that you could not have appealed that case? It's been the practice of this circuit and the courts generally that when that type of dismissal is issued by the court, the court specifies a period of time within which plaintiff should appeal the case. And there was no mention of any time limit. Do you have a case that you can refer to us for? That's not in Rule 41. Well, I don't have... No, I can't give you a case. I would refer you to my briefs. I think we've discussed this to some extent in the opening brief and the reply brief. But another aspect of it, which is covered in my submission today, is that when the conduct of the court is unfair to the plaintiff, and in this case it would be because it was misleading and did not specify any time limit. Well, you waited... It was dismissed in September, and you waited until... How long? Well, it was more than 60 days. Yeah, you waited more than two months, didn't file a notice of appeal, didn't go back and ask for clarification. I did not, you're right. And you told us that it is the practice in this circuit to give counsel a time limit. What is the practice? What is the time limit that... That varies. Okay, from what to what? Well, I've seen them as low as 10 days and possibly 60 days. I'm not sure. I mean, I don't really recall exact figures. So you knew that there were going to be some constraints in any event? Well, the logical assumption, the assumption that I made was that if plaintiff's counsel has good reason, good cause, some new evidence, whatever, and come back to the court and say, look, in this case I've located my client and I'd like to proceed, that's the logical thing to do. You come back with new evidence, and that's what I did. Why didn't the court give me some indication of a time limit? That is not a fair practice. It's misleading. It was misleading to me. Well, you know, the only thing I'll just add to this is that the district court did enter, it's pretty clear, they entered a judgment. Well, there's no argument about that. The court did... But, you know, look, here's the other issue that wasn't addressed, and that's, you know, the district court, there was a magistrate judge who was sitting, who the parties consented to, actually, to hear the case, Magistrate Judge Johnson. Yes. And he actually resolved the case on another basis, other than the one that was decided by the commissioner, correct? Well, there were several, several explanations. Well, didn't he resolve it on the ground that your client had abandoned his case, his claim? Well, if you... That's what appears to me happened, right? Well, it might appear that way, but if a client is mentally impaired, and this man served time in the state prisons, there's evidence that he had severe depression, anxiety, etc. He's got personality problems. He has a mental problem. Wouldn't that go... Right, and you would think that given the case, the nature of the case, and what was confronted, what the magistrate judge was confronted with, that there was a pretty good... First, he didn't decide it on the basis that the secretary did, and second, given the circumstances of your client, there might be a good argument here that he abused his discretion in denying relief, correct? I'm not sure I understand your question. I won't pursue it any further. Well, I've tried to lay out, respond to the issues in this case in the briefs, and I think today's citation to Carroll is material. There was one, another issue was whether I was authorized to represent this client, and I did discover a contractual agreement with Devermont that resolved that issue. I think the primary consideration at this point is whether the court's action was fair or whether it was misleading to counsel, and it was misleading to me. I have furnished a dictionary definition of without prejudice. Counsel, can you help me with one thing? The district court issues this order on September 7th of 2005. I want to make sure I've got the timeline right. Did you file your motion to reopen on October 22nd? That would have been less than 60 days. Let me, I'm, at the moment, I'm not, that would be in the pleadings, Your Honor, I'm looking in my notes here. Okay, I met with the plaintiff on October 6th, 2005, for the first time, and right after that, as soon as I could put a brief together, I, you know, filed my motion to reopen. It would have been in October of, shortly after October 6th. Your 60 days then would have expired sometime in November, so you filed it before your 60 day, before, I'm trying, let's see, I'm trying to think, how long would you have had to appeal? 30 days? You know, if you look at the government's, especially after the 60 days, the government says there's a 60 day time limit. I think it's a little bit less than 60 days, but that's basically right. Under 405G. Well, it looks like you filed your motion on about, around October 22nd, around that date. I believe that's correct. It's not exactly, that's the date you signed it, I don't know if it was filed on that date, but it looks like it. I believe it was. Looks like it may have been filed on that date. I believe it was. Which would have been, and it was dismissed on September 7th. Yes. Okay. Why don't we hear from the government? Thank you. Good morning, Your Honors. Donna Mantagno, Counsel for the Commissioner of Social Security. The District Court properly dismissed this case because it properly found that Plaintiff had abandoned his claim, and at the time the complaint was filed, that Mr. Ohanian did not, in fact, represent the Plaintiff, and there was no indication in the record as to that. When the District Court dismissed it and marked it up at the top without prejudice, was that a final order for purposes of 405G? Yes. That would have given him 60 days to file an appeal, right? You're correct. That was a final order under a recent Ninth Circuit case of Detie versus Orange County. What's the first name? It's Detie, D-E-T-I-E, versus Orange County because the action was dismissed. And even if an action is dismissed without prejudice, it's final if it's final as to all claims and all parties. And so it was a final order. So he had 60 days to appeal. Correct. Which would have expired sometime in November of 2005. Correct. Okay.  You dismissed this without prejudice. I've now got Mr. Stephan, and I've got proof that I do represent him. I'd like to reopen this. Now, why shouldn't the magistrate reopen this? I would like to say that the standard, of course, as you know, Your Honor, is abuse of discretion. I do not think the magistrate charged abuse of discretion because, as the District Court explained, at the time that the complaint was filed, and approximately seven years or six years preceding that, the claimant was not to be found. The claimant wasn't around. Right, but he dismissed it without prejudice, which would seem to indicate that he thought that there might be some opportunity of curing whatever the defects were. Otherwise, he just said, look, this is over with. So when he dismisses it without prejudice, it would lead a reasonable person to think, a reasonable attorney to think, that there was some basis for refiling or reopening or something. And since he's come back now with the client, which seemed pretty critical to his case, and the necessary authorization showing that he was authorized to represent him, why shouldn't that be sufficient so we can decide the thing on the merits? Well, number one, he did not have authorization to represent the claimant at the time the complaint was due, which is the 60-day limitations period. There's a 60-day statute of limitation period from the time the appeals council makes its final decision for the claimant to file the complaint in the district court. At that time, the claimant wasn't around, so he could not have filed it improper, nor could Mr. Ohanian have filed it for him because he had never spoken to him until after the dismissal. Okay, and that's a good point. But if that's the case, then why did the magistrate dismiss it without prejudice? Since there was no way of curing it, why didn't the magistrate just say, over and done with, this is dismissal with prejudice? This was a glitch in the rule. Had the magistrate known that there was never a contractual agreement with the lawyer at the very outset, that in the event he lost the proceedings before the administrative agency, that he would go on and file a complaint? There was no contractual agreement, Mr. Ohanian. How do you know that? Because the record shows that. Where does it show that in the record? Okay, in my brief, I talk about the appointment of representation firm was signed by the Devermont firm. The agency represent the also, that was what, Devermont doesn't represent people in the district court, so it sent a letter which Mr. Ohanian attached, inappropriately attached the end of his brief because it should not have been attached there. But nonetheless, Devermont sent him a letter stating that, basically, we do not represent cases in district court. You must obtain other counsel to proceed further. And it indicated that he should contact one of three attorneys, one of which was Mr. Ohanian. Was that document before the magistrate judge, when the magistrate judge dismissed the case? Yes. The magistrate judge discussed it, I believe, in his order. He stated, the record before the court is utterly void of any indication that plaintiff ever intended to be represented by counsel, let alone evidence that plaintiff intended for counsel to represent him in proceedings before the court. It says the only document in the record is an appointment of representation form from Devermont and his previous attorney, Devermont, to act on plaintiff's behalf before SSA. Significantly, plaintiff did not respond, and this is it, to Mr. Devermont's letter, informing plaintiffs that the law firm of Devermont and Devermont did not represent clients before the district court. So he's referring to that letter, and Devermont knew, because Devermont is acting within the regulations of Social Security. This is Judge Bybee's noting. It sounds like it's just a technical defect. It's actually in the regulations, Your Honor, 404-1707. Well, I don't understand. You know, let's suppose that, right, instead of filing an opposition, counsel comes back in and says, well, here's my signed client retainer agreement. You mean the district court's going to dismiss the case at that point? Is that what you're telling me? No, that's not what I'm telling you, Your Honor. There has to be some sort of a... I'm saying he had no... Judge Bybee's point was that the district court dismissed that case for a particular reason, without prejudice, for a particular reason. Well, I understand his point, Your Honor. It's obviously a technical shortcoming that could have been cured. When did he file his notice of appeal in the district court? Okay, the notice of appeal was filed on April 11, 2006. That can't be right, because the district court dismisses it in 2005. Well, then, see, in October 22, 2005, he filed a motion to reopen. Right. When did he file his notice of appeal in the district court? Oh, in the district court? From the appeals counsel. Oh, when did he file his complaint? Yes. He filed his complaint in June 2, 2004. Okay, so he's filing... Bohanian filed a complaint. In June 2004. Before he ever talked to the claimant. Okay, and the district court... And he had no authority to represent him. The magistrate doesn't dismiss it until September of 2005, so it's been 15, 16 months since that complaint has been filed. Well, that's when it came up for the hearing, Your Honor. When did the administration first protest that Mr. Bohanian was not authorized to represent? At that level. Can you give me a date? I'm trying to work out a chronology. Okay. I submitted my brief in this case... To the district court. To the district court on this complaint. Yes, sir. Yes, Your Honor. The motion to dismiss was filed on April 7, 2005. Okay, so it was... You objected about 10 months after the complaint was filed. The district court sits on it for about another five months before ruling in September. So Mr. Bohanian had... Perhaps five months in which to have addressed it, and addressed it perhaps substantively, corrected the error. Correct. Had he corrected it before September, would the government have still objected? Is the problem that he wasn't authorized to file the complaint in June of 2004, and that just couldn't be cured? Well, as he points out, that can be waived, but that's at the discretion. It's a statute of limitations that can be waived by the government at its discretion. But at that time, because there was such a long history, the claimant hadn't appeared at two hearings. Going back to 2001, he had been missing. He's been in and out of prison for 13 years. He's been in several facilities. We just didn't... The government didn't feel it could waive the statute of limitations because there was no indication that plaintiff was even alive or in the country. Again, he's been in several prisons. He's been out of the country when he violated parole in 1994, and he hasn't reported to the agency when he's left the country, when he's changed his address, and all those things he's required to do. The agency took many, many steps to contact him. They ran a CICIS form several times. They sent him many notices in this case, and he couldn't be located. So there was no way at the time I brought... I responded to the complaint that I could really be assured that the claimant was actually around and that this case wasn't being represented with no claimant just for perhaps age of ease. So it was just something I didn't feel that I could stipulate to, nor did my agency. The other thing I want to point out while I have an opportunity, if I may, is he points to these whole things about the whole claim about equitable tolling and the prejudice to his claimant because he's mentally ill and that he did not either understand the forms that were sent to him or that he didn't have the capacity to retain a lawyer. This person, Mr. Stefan, even though the merits are not before the court, the record shows that not only was he not... he's not mentally disabled to that degree at all. He, in fact, brought many claims against the Department of Corrections himself in pro se, and he was a law clerk, employed as a law clerk, in two prisons, San Quentin and another prison, I don't remember. But he's very astute in terms... and he's very knowledgeable about the legal system. He's brought many, many administrative claims. He could have brought this claim pro se if he wished to proceed with his complaint. He also could have appointed counsel. He did appoint Devermont. Devermont has no ability to transfer without the client's consent or its authority to represent claimant, and that's true under our POMS and under our regulations. So I did not feel that it would be appropriate to waive jurisdiction or the statute of limitations in this case, Your Honor. Thank you, Your Honor. Okay. Mr. Hanney, do you have anything you want to say in response? You had a minute or two left. In closing, I would say that I would ask the court to consider the equitable aspects of the case. Government counsel has stated this man has a long prison record, has information that I don't have about his incarcerations and crimes. The system should work to be fair to the claimant, and it seems like the system has been quite indulgent in trying to find this guy. He doesn't show up for hearings. He shows up randomly at the Social Security Administration. Then it's a surprise that he's got a case pending before them. His lawyers let him know exactly what he has to do. They provided him with your name and the name of two other attorneys and phone numbers and said you've got to contact one of these attorneys. He doesn't do that? Your Honor, his conduct is not close to the norm of the people you meet in everyday life. Even after I located him and I told him please call me like every month or so, just keep in touch, he doesn't do that. I rarely hear from this man. I call him. I have difficulty getting through because he doesn't have good telephone service or whatever. He doesn't function as a person should. He does have severe mental problems. For anybody to get in such serious trouble that he would be incarcerated as long as he was, I mean, what can you say? I don't know what to say for a person like that. There are cases I've cited in my brief where if he recognized that he has severe mental problems, the court tries to take some action to accommodate his condition, and in some cases they even appoint attorneys to represent a person like this if he comes in by himself. So I don't know what else to tell the court except please consider it. Thank you. Thank you. Thank you. The matter to be submitted. Okay, our next case. We'll go back. Is counsel here on Aguilar-Turcios? Is that here? No. Aguilar-Turcios v. Michael Mukasey.
judges: Nelson, Paez, Bybee